23-360
*Narvaez v. United States*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of January, two thousand twenty-six.

PRESENT:
>        BARRINGTON D. PARKER,
>        SUSAN L. CARNEY,
>        BETH ROBINSON,
>                *Circuit Judges.*

_____

PEDRO NARVAEZ,

>        *Petitioner-Appellant,*


>                v.                                                     No. 23-360


UNITED STATES,

>        *Respondent-Appellee.*


_____

FOR PETITIONER-APPELLANT: Pedro Narvaez, *pro se*, Adelanto, CA.

FOR RESPONDENT-APPELLEE: Mitzi Steiner, Olga I. Zverovich, Assistant United States Attorneys, *for* Jay Clayton, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Preska, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Petitioner-Appellant Pedro Narvaez was convicted on twenty counts for crimes of racketeering; murder, conspiracy to commit murder and attempted murder; narcotics trafficking; and using a firearm during crimes of violence. He was sentenced to nine concurrent terms of life imprisonment on the racketeering, murder and narcotics trafficking charges; to six concurrent ten-year terms of imprisonment for conspiracies and attempts to commit murder; and to a consecutive collective term of eighty-five years' imprisonment for the respective firearms charges. His convictions were affirmed on direct appeal. *See United States v. Muyet*, 225 F.3d 647 (2d Cir. 2000).

2

After an initial unsuccessful 28 U.S.C. § 2255 habeas petition, Narvaez was granted leave to file a successive § 2255 petition on the basis that his firearms convictions under 18 U.S.C. § 924(c) predicated on conspiracy to commit murder were invalid after the Supreme Court's decision in *United States v. Davis*, 588 U.S. 445 (2019).

The district court denied Narvaez's current petition based on the concurrent sentence doctrine.[1] *Narvaez v. United States*, No. 20 Civ. 7882, 2023 WL 348454, at *4–5 (S.D.N.Y. Jan. 20, 2023). Representing himself on appeal, Narvaez argues that the concurrent sentence doctrine should not apply and that his convictions on the firearms charges should be reversed under *Davis*.[2] We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision.

---

[1] We understand the district court's denial to be without prejudice to renewal in the event that changed circumstances render the concurrent sentence doctrine inapplicable. *See Kassir v. United States*, 3 F.4th 556, 569 (2d Cir. 2021).

[2] This Court has already affirmed the denial of a successive § 2255 petition brought on the same grounds as Narvaez's petition by Jose Muyet, Narvaez's co-defendant, whom Narvaez acknowledged before the district court to be identically situated to himself. *See Muyet v. United States*, No. 23-333, 2024 WL 2890390 (2d Cir. June 10, 2024), *cert. denied*, 145 S. Ct. 1068 (2025). As in *Muyet*, Narvaez argues that the concurrent sentence doctrine "can never apply where a § 2255 movant challenges a conviction, especially not a § 924(c) conviction that carries a special assessment and a consecutive sentence," Petitioner's Br. at 20, but acknowledges that argument is foreclosed by *Al-'Owhali v. United States*, 36 F.4th 461 (2d Cir. 2022).

We review without deference a district court's denial of a § 2255 petition. *Kassir v. United States*, 3 F.4th 556, 561 (2d Cir. 2021). The concurrent sentence doctrine can be applied at a court's discretion and is a species of harmless error review. *See id.* at 564. The concurrent sentence doctrine allows a court to "decline to consider a challenge to a conviction for which an appellant's sentence runs concurrently with that for another, valid conviction." *Purcell v. United States*, 158 F.4th 441, 448 (2d Cir. 2025).[3] Although the doctrine has been limited in the context of direct challenges to convictions, our Circuit has held that the doctrine may be applied to collateral challenges to convictions. *See Kassir*, 3 F.4th at 567–568. Specifically, the doctrine may be applied to collateral challenges where the challenged conviction runs consecutively to an unchallenged life sentence. *See Al-'Owhali v. United States*, 36 F.4th 461, 467 (2d Cir. 2022). In such a case, a court in its discretion may invoke the doctrine if "(1) the collateral challenge will have no effect on the time the prisoner must remain in custody and (2) the unreviewed conviction will not yield additional adverse collateral consequences." *Id.*

---

[3] In quotations from caselaw, this summary order omits all internal quotation marks, footnotes, and citations, and accepts all alterations, unless otherwise noted.

4

Here, both prongs are met. Narvaez first argues that the district court failed to sufficiently consider the possibility that, if his firearms convictions are vacated, he could be resentenced on all counts, which may result in a reduced sentence even on his unchallenged convictions. *See United States v. Peña*, 58 F.4th 613, 623 (2d Cir. 2023) (holding that it is not mandatory for district courts to conduct *de novo* resentencing under § 2255 every time a conviction is overturned and declining to determine the scope of a court's discretion to decline to do so). We conclude that the district court did sufficiently consider and reject the possibility of resentencing on the unchallenged counts. The district court explained that "even a successful challenge on the merits would afford Petitioner no reasonable prospect of a shorter time in custody." *Narvaez*, 2023 WL 348454, at *5. As we explained in *Muyet,* this reflects the district court's determination that it "would not exercise its discretion to resentence [Narvaez] because doing so would not result in a shorter prison term." *Muyet v. United States*, No. 23-333, 2024 WL 2890390, at *2 (2d Cir. June 10, 2024).

Moreover, in the circumstances of this case, where a middle-aged defendant faces nine concurrent life sentences associated with multiple murders in aid of racketeering, the district court's decision that it would not resentence, even if it

5

vacated the § 924(c) convictions, was within its discretion. *See Peña*, 58 F.4th at 623 ("[A] district court may properly deny *de novo* resentencing when the exercise would be an empty formality."); *United States v. Ayyad*, No. 20-3832, 2023 WL 1975682, at *1 (2d. Cir. Feb. 14, 2023) (applying *Peña* in concluding that given the nature of the defendant's crimes, the amount of time remaining on his sentence, and his age, resentencing would not realistically lead to a sentence allowing for defendant's release within his lifetime).

The district court also did not abuse its discretion in applying the *Vargas* factors to conclude that it was appropriate to decline review. *See United States v. Vargas*, 615 F.2d 952, 959-60 (2d Cir. 1980). To decide whether the unreviewed conviction would yield adverse consequences, courts should consider "the unreviewed conviction's effect on the petitioner's eligibility for parole, the future application of recidivist statutes for a future offense by the petitioner, the petitioner's credibility in future trials, the possibility of pardon, and societal stigma of a conviction." *Kassir*, 3 F.4th at 568. There is no parole in the federal system, rendering the first factor inapplicable. *Id.* Because Narvaez is already in prison for life for his unchallenged convictions, he is unlikely to be subjected to a "recidivist statute for a future offense" where his unreviewed conviction would

result in a heightened sentence, and "the unreviewed conviction is unlikely to be used to impeach his character at a future trial or affect his chances for a potential pardon." *See Al-'Owhali*, 36 F.4th at 468. Finally, his unreviewed firearms convictions are unlikely to subject him to societal stigma, "especially in comparison to the stigma already carried by his unchallenged convictions" for multiple murder-related charges and narcotics trafficking. *Id.*

* * *

For the above reasons, the district court's judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court